IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY GAY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )  CIVIL NO. 10-cv-336-MJR-DGW |
| | ) |
| REKESH CHANDRA, et al., | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

On April 30, 2008, Plaintiff Anthony Gay filed this action in the Circuit Court of Alexander County, Illinois, against seven individuals who work at the Tamms Correctional Center. The action was removed to federal court on May 4, 2010, by Defendant Chandra. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**THE COMPLAINT**

Gay sets forth seven separate counts in his complaint. Counts I and II are directed at Defendant Chandra. Counts III and IV are directed at Defendants Bartley, Lambert, Gossett, Reagan[1] and Markel. Count V is directed at Defendants Kachigian and Clover. Counts VI and VII are directed solely at the Illinois Department of Corrections.[2]

Rule 18(a) of the Federal Rules of Civil Procedure permits Gay to assert all of his claims against one defendant in one civil action. As such, Gay may properly bring Counts I and II in the same complaint because in both counts Gay seeks relief against Defendant Chandra, and only against Chandra.

Count V against Kachigian and Clover involves aspects of Gay's mental health treatment at Tamms, as do Counts I and II against Chandra. Given the age of this action at the time it was removed to federal court, the interests of fairness suggest that these claims be allowed to proceed together in this action.[3]

Counts III, IV, VI and VII of the complaint, however, do not seek relief against Chandra, Kachigian or Clover. Further, the claims asserted in Counts III, IV, VI and VII do not appear to arise from the same transaction, occurrence, or series of transactions or occurrences as in Counts I, II or V. The Seventh Circuit has confirmed that separate, unrelated claims belong in different suits. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). On review of the complaint, the claims against

---

[1] Defendant Alan Reagan is not related to the undersigned judge.

[2] In his notice of removal, Chandra states that other than Defendants Kachigian and Clover, all other Defendants "have been dismissed from this suit," although nothing in the District Court records establishes this fact.

[3] The claims against Chandra arise out of events that occurred in 2006 and 2007; the claim against Kachigian and Clover arises from events that occurred in early 2008. As previously noted, Gay filed this action in April 2008.

Defendants Bartley, Lambert, Gossett, Reagan, Markel and I.D.O.C. in Counts III, IV, VI and VII of the complaint are not sufficiently related to the claims against Defendant Chandra in Counts I and II, or the claims against Kachigian and Clover in Count V, so as to allow them to proceed together in one lawsuit.

At this time, the Court will accept Chandra's assertion that only he, Kachigian and Clover remain as defendants in this action. It follows, therefore, that Counts III, IV, VI and VII must be dismissed, as none of those claims are asserted against Chandra, Kachigian or Clover.

### APPOINTMENT OF COUNSEL

Gay asks the Court for appointment of counsel in this matter (Doc. 10). There is no constitutional or statutory right to appointment of counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *Santiago v. Walls*, 599 F.3d 749, 760-61 (7th Cir. 2010). When presented with a request to appoint counsel, the Court must make the following inquiries: "(1) has the ... plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). However, before reaching either of those questions, a plaintiff seeking appointment of counsel must have already been granted leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(1).

Gay has not sought or received such leave with this Court. Even if he were to do so, that request would be denied because Gay has accumulated at least three strikes, and he is not currently in imminent danger of serious physical harm from events that occurred three or more years ago. *See* 28 U.S.C. § 1915(g). Therefore, Gay's motion for appointment of counsel is **DENIED**, without prejudice.

### DISPOSITION

**IT IS HEREBY ORDERED** that **COUNTS III, IV, VI** and **VII** are **DISMISSED** from this action with prejudice. It follows that Chandra's motion to dismiss Counts VI and VII is now **MOOT**.

Because the docket of this case still lists them as Defendants, the Court now administratively **DISMISSES** Defendants **BARTLEY, LAMBERT, REAGAN, MARKEL** and **ILLINOIS DEPARTMENT OF CORRECTIONS** from this action.[4]

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to United States Magistrate Judge Wilkerson for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to United States Magistrate Judge Wilkerson for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

---

[4] Although Greg Gossett is listed as a defendant in the complaint, his name was not included in the federal court docket. Thus, he does not need to be officially "dismissed" from the federal court case.

Plaintiff is **ADVISED** of his continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED.R.CIV.P. 41(b).

**IT IS SO ORDERED.**

**DATED this 15th day of November, 2010.**

                                            **s/ Michael J. Reagan**
                                            **MICHAEL J. REAGAN**
                                            **United States District Judge**