IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY GAY, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 10-336-GPM |
| | ) |
| REKESH CHANDRA, et al., | ) |
| | ) |
|        Defendants. | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

This matter is before the Court on a motion to strike requests for admissions brought by Defendant Rekesh Chandra (Doc. 14). Plaintiff Anthony Gay, an inmate in the custody of the Illinois Department of Corrections ("IDOC") who currently is confined at the Tamms Correctional Center ("Tamms"), filed this case originally in the Circuit Court of the First Judicial Circuit, Alexander County, Illinois, on April 30, 2008. Named in Gay's original complaint were, in addition to Chandra, Defendants Kenneth Bartley, Greg Lambert, Greg Gossett, Alan Reagan, Homer Markel, Claudia Kachigian, Katherine Clover, and the IDOC. Gay asserted various causes of action in connection with the quality of the medical care that he has received at Tamms, including violations of his civil rights, violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, and violations of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 *et seq*. It appears that in the course of the state-court proceedings all of the Defendants except Chandra, Kachigian, and Clover dropped out of the case, whereupon Chandra removed the case to this Court, alleging that this case arises under federal law and therefore is within the Court's federal subject

matter jurisdiction pursuant to 28 U.S.C. § 1331.  At this time the following claims in the case remain pending:  Count I of Gay's complaint, which alleges that on May 8, 2006, Chandra, who at the times relevant to this case was a psychiatrist at Tamms, increased the dosage of Gay's medication without informing Gay in retaliation against Gay for having filed a prior civil rights lawsuit against Chandra, with the result that Gay suffered a drug overdose; Count II, which alleges that on April 25, 2007, Chandra terminated Gay's medication in retaliation against Gay for having requested that a court take judicial notice that Chandra has been convicted of a crime; and Count V, which alleges that Kachigian and Clover, who at the times relevant to this case were, respectively, a psychiatrist and a social worker at Tamms, were deliberately indifferent to Gay's serious mental health needs.  After the removal of this case, Gay served requests for admissions on Chandra, Kachigian, and Clover.  Kachigian and Clover have responded to the requests.  Chandra, however, has moved to strike Gay's requests for admissions.

The only mechanism furnished by the Federal Rules of Civil Procedure for striking documents filed in a case is Rule 12(f), which in turn can be directed only against a pleading and not, as here, requests for admissions, although the Court has inherent power to strike documents other than pleadings.  *See* Fed. R. Civ. P. 12(f); *Spano v. Boeing Co.*, No. 06-cv-743-DRH, 2007 WL 1149192, at *6 (S.D. Ill. Apr. 18, 2007); *Kitson v. Bank of Edwardsville*, 240 F.R.D. 610, 611 (S.D. Ill. 2006).  Under the circumstances of this case, however, the Court declines to strike Gay's requests for admissions directed to Chandra.  Chandra objects to Gay's requests for admissions on the grounds that certain requests reference events that occurred more than two years before this suit was filed; this presumably is an allusion to the fact that the statute of limitations for federal civil rights claims under 42 U.S.C. § 1983 that accrue in Illinois is two years.  *See Kalimara v. Illinois*

*Dep't of Corr.*, 879 F.2d 276, 276-77 (7th Cir. 1989); *Maxwell v. Village of Sauget, Ill.*, No. 06-451-GPM, 2007 WL 420195, at *3 (S.D. Ill. Feb. 5, 2007). The Court will summarize briefly the specific material in Gay's requests for admissions that seems to be objectionable to Chandra. At issue, it appears, are Gay's requests for Chandra to admit the following facts: in November 2005 Chandra began prescribing the drug Buspar to Gay; in January 2006 Chandra began prescribing the drug Doxepin to Gay; on March 17, 2006, Chandra conducted a medication review with Gay and, after the review, concluded that Gay's medication regime was improving Gay's mental health; at no time prior to May 8, 2006, did Gay sign a consent to an increase in the dosage of Doxepin prescribed to him by Chandra; on May 9, 2006, a nurse at Tamms reported to Chandra that Gay was suffering ill effects from an increase in his dose of Doxepin, to which Chandra replied that the ill effects of the increased dose would level off after three days; on May 9, 2006, Gay refused to take an increased dose of Doxepin; on May 10, 2006, Chandra met with Gay, after which Chandra discontinued Gay's Doxepin altogether; in April 2007, in a separate lawsuit between Gay and Chandra, Gay asked this Court to take judicial notice that Chandra has been convicted of a crime; and in April 2007 Chandra discontinued Gay's Buspar and Doxepin.

As already has been noted, this case was filed originally in Illinois state court on April 30, 2008. Accordingly, Chandra's objections to Gay's references in his requests for admissions to events that occurred after April 30, 2006, are senseless. With respect to the references in Gay's requests for admissions to events that occurred before April 30, 2006, the Court sees nothing improper in them: Gay is merely trying to establish that Chandra prescribed Buspar and Doxepin to him and that the medication was helping Gay until Chandra began to interfere with the dosages, in order, Gay alleges, to punish Gay for suing Chandra. Finally, to the extent Chandra

argues that Gay's claims against Chandra already have been litigated fully in this Court, the undersigned District Judge is not well-positioned at this juncture to evaluate the correctness of Chandra's argument. The Court can judicially notice its own docket, of course. *See Jackson v. Van Kampen Series Fund, Inc.*, Nos. 06-cv-944-DRH, 06-cv-994-DRH, 2007 WL 1532090, at *1 (S.D. Ill. May 24, 2007); *Cassens v. Cassens*, 430 F. Supp. 2d 830, 833 n.1 (S.D. Ill. 2006). Review of the Court's electronic docket discloses that Gay has sued Chandra in this Court on several prior occasions. *See, e.g., Gay v. Chandra*, Civil No. 05-150-MJR (S.D. Ill. filed Mar. 1, 2005); *Knox v. Rhodes*, Civil No. 08-277-JPG (S.D. Ill. filed Apr. 14, 2008); *Knox v. Rhodes*, Civil No. 08-379-JPG (S.D. Ill. filed May 27, 2008); *Gay v. Chandra*, Civil No. 08-523-GPM (S.D. Ill. filed July 22, 2008). Thus, it is possible that the claims in this case have been the subject of earlier litigation in this Court. On the state of the record, however, the Court cannot determine whether Gay's claims are subject to some kind of bar of preclusion, and accordingly the Court will reserve resolution of that issue for another, more appropriate occasion, such as a properly supported motion for summary judgment by Chandra.

To conclude, Chandra's motion to strike Gay's requests for admissions (Doc. 14) is **DENIED**. Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Chandra is **ORDERED** to respond to Gay's requests for admissions not later than thirty (30) days from the date of entry of this Order.

**IT IS SO ORDERED.**

DATED: November 24, 2010

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge