# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTHONY GAY, IDOC # B62251,   )
                               )
        Plaintiff,              )
                               )
vs.                            )   CIVIL NO. 10-336-GPM
                               )
REKESH CHANDRA, et al.,        )
                               )
        Defendants.             )

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on a motion to require Plaintiff Anthony Gay to post security for costs brought by Defendants Rakesh Chandra, Claudia Kachigian, and Katherine Clover (Doc. 36). In this case, which was filed originally in Illinois state court in 2008 and which is before this Court on removal from state court, Gay, a prisoner in the custody of the Illinois Department of Corrections, claims violations of his constitutional rights. Gay alleges that on May 8, 2006, while he was incarcerated in the closed maximum security prison at the Tamms Correctional Center ("Tamms"), Defendant Rakesh Chandra, a psychiatrist at Tamms who has been treating Gay for mental disorders, increased the dosage of Gay's medication without informing Gay, with the result that Gay suffered a drug overdose. Chandra, Gay claims, was retaliating against Gay for having filed a prior civil rights lawsuit against Chandra. Gay alleges also that on April 25, 2007, Chandra terminated Gay's medication in retaliation against Gay for having requested that a court take judicial notice that Chandra has been convicted of a crime. As to Defendants Claudia Kachigian and Katherine Clover, who at the times relevant to this case were, respectively, a psychiatrist and a social

worker at Tamms, Gay alleges that they were deliberately indifferent to Gay's serious mental health needs. Although Gay's complaint does not specifically reference 42 U.S.C. § 1983, the Court assumes that Section 1983 is the statute under which Gay is pursuing his claims, as that statute is the exclusive remedy for alleged deprivations of constitutional rights by persons acting under color of state law. *See Maxwell v. Village of Sauget, Ill.*, No. 06-451-GPM, 2007 WL 420195, at *2 n.1 (S.D. Ill. Feb. 5, 2007) (collecting cases). The Court further assumes that Gay is alleging violations of his rights under the First Amendment and the Eighth Amendment. *See DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000) (a prisoner has a right under the First Amendment to challenge the conditions of his or her confinement by filing grievances and lawsuits, and it is unlawful for prison officials to retaliate against a prisoner for exercising this right); *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)) (the Eighth Amendment "imposes upon prison officials the duty to 'provide humane conditions of confinement,' including the obligation to provide medical care to those whom [they have] incarcerated"). Chandra, Kachigian, and Clover now move for an order requiring Gay to post security for costs in the amount of $1,000.

      No provision of the Federal Rules of Civil Procedure or any other federal statute expressly authorizes a federal court to order a bond to cover costs. *See Sassower v. American Bar Ass'n*, 33 F.3d 733, 736 (7th Cir. 1994); *Van Bui v. Children's Hosp of Philadelphia*, 178 F.R.D. 54, 56 (E.D. Pa. 1998); *Soo Hardwoods, Inc. v. Universal Oil Prods. Co.*, 493 F. Supp. 76, 77 (W.D. Mich. 1980). However, federal courts have inherent authority to require parties to post security for costs to ensure that the costs will be paid. As the United States Court of Appeals for the Seventh Circuit has instructed, "it seems to us, as it has seemed to the other courts that have

addressed the question, that the power to tax costs implies the ancillary power to take reasonable measures to ensure that the costs will be paid. So if there is reason to believe that the prevailing party will find it difficult to collect its costs, the court can require the posting of a suitable bond." *Anderson v. Steers, Sullivan, McNamar & Rogers*, 998 F.2d 495, 496 (7th Cir. 1993) (citations omitted). *Accord Simulnet E. Assocs. v. Ramada Hotel Operating Co.*, 37 F.3d 573, 574 (9th Cir. 1994); *In re American President Lines, Inc.*, 779 F.2d 714, 716-17 (D.C. Cir. 1985); *Hawes v. Club Ecuestre El Comandante*, 535 F.2d 140, 143 (1st Cir. 1976). The amount of such a bond is committed to a court's discretion, "but the court should not require security for expenses as distinguished from the more modest security for costs" and "a federal court's discretion to require security for costs should not be exercised in a manner that interferes with the policy of the underlying federal statute." 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2671 (3d ed. 1998 & Supp. 2010) (collecting cases). *See also Leighton v. One William St. Fund, Inc.*, 343 F.2d 565, 566-67 (2d Cir. 1965) (affirming an order requiring a stockholder, who had purchased ten shares of a corporation's stock one month before trying to join a shareholder lawsuit, to post reasonable security for costs in the amount of $1,000); *Miller v. Town of Suffield*, 249 F.2d 16, 16-17 (2d Cir. 1957) (a plaintiff's "fantastic claims" justified an order requiring the plaintiff to post a "moderate" bond for costs); *State Wide Enters., Inc. v. U.S. Gypsum Co.*, 238 F. Supp. 604, 606 (E.D. Mich. 1965) (when the inference was permissible that an antitrust lawsuit was of dubious merit, and the apparent absence of financial responsibility of the plaintiff was indicated, the court would grant the defendants' motion for security for costs in the amount of $7,500 in the interest of justice and in the exercise of the court's inherent discretion to require a plaintiff to post security for costs).

Factors that a court may consider, on a case-by-case basis, in determining whether to require security for costs include: the financial condition and ability to pay of the party at issue; whether that party is a non-resident or foreign corporation; the merits of the underlying claims; the extent and scope of contemplated discovery; the legal costs expected to be incurred; and compliance with past court orders. *See Selletti v. Carey*, 173 F.3d 104, 111 (2d Cir. 1999) ("[T]he district court found in this case that the merits of plaintiff's claims were questionable, that plaintiff had violated discovery orders and otherwise had failed to prosecute his claims adequately, and that defendants' ultimate ability to recover costs that might be awarded by the court was in doubt. Under these circumstances, imposition of a $50,000 bond requirement was well within the district court's discretion."); *Murphy v. Ginorio*, 989 F.2d 566, 569 (1st Cir. 1993) (citing *Aggarwal v. Ponce Sch. of Med.*, 745 F.2d 723, 727-28 (1st Cir. 1984)) (factors to be considered in determining whether to require a plaintiff to post security for costs include (1) the plaintiff's probability of success on the merits, and the background and purpose of the suit, (2) the reasonable extent of the security to be posted, if any, viewed from the defendant's perspective, and (3) the reasonable extent of the security to be posted, if any, viewed from the plaintiff's perspective); *Hardwoods, Inc. v. Universal Oil Prods. Co.*, 493 F. Supp. 76, 77 (W.D. Mich. 1980) ("The cases establish that a court may require security for costs when the plaintiff's claim is of dubious merit, plaintiff lacks financial responsibility, and defendant will incur substantial expense.") (collecting cases). A court may also take into account the conduct of, and the background and purpose of, a litigation, including facts such as the habitual pro se status of the plaintiff in matters often lacking in legal merit. *See Sassower*, 33 F.3d at 736 (security for costs was appropriate where "Sassower's parade of frivolous suits shows a high probability that he will be ordered to pay costs and sanctions [and] his effort to shift expenses to [the defendant] shows

that collection [of costs] will be difficult unless a bond is posted in advance."); *Leighton v. Paramount Pictures Corp.*, 340 F.2d 859, 861 (2d Cir. 1965) (the court required "an habitual *pro se* litigant whose claims were often conclusory and lacking in legal merit" to post "reasonable" security for costs); *Ehm v. Amtrak Bd. of Dirs.*, 780 F.2d 516, 517 (5th Cir. 1986) (the court ordered a plaintiff to post a bond for court costs due to the harassing nature of the numerous actions brought by the plaintiff against the defendant); *Mann v. Levy*, 776 F. Supp. 808, 815 (S.D.N.Y. 1991) (the court required a plaintiff to post a bond as security for costs, because the court had "serious doubts" as to whether the plaintiff would be willing to pay the defendants' costs should the defendants prevail).

In this case, it seems reasonable to require Gay to post modest security for costs. Gay is a so-called "frequent filer," that is, a vexatious pro se litigant who is notorious in this District. Four actions brought by Gay in this Court have been dismissed on the grounds that they are frivolous, malicious, or fail to state a claim upon which relief may be granted. *See Gay v. Page*, Civil No. 99-365-MJR (S.D. Ill. Jan. 31, 2002) (order dismissing action for failure to state a claim upon which relief may be granted); *Gay v. Powers*, Civil No. 98-772-GPM (S.D. Ill. Sept. 27, 2001) (order dismissing action as frivolous and for failure to state a claim upon which relief may be granted); *Gay v. Welbourne*, Civil No. 00-29-GPM (S.D. Ill. Nov. 21, 2000) (order dismissing action as frivolous); *Gay v. Montgomery*, Civil No. 99-366-GPM (S.D. Ill. Jan. 13, 2000) (same). Accordingly, under the so-called "three-strikes" provision of 28 U.S.C. § 1915, Gay has lost the privilege to proceed in forma pauperis ("IFP") in federal court without prepayment of fees or security therefor. *See* 28 U.S.C. § 1915(g); *Taylor v. Watkins*, 623 F.3d 483, 484 (7th Cir. 2010). At least two actions filed by Gay in this Court have been dismissed due to Gay's failure to comply with the

Court's orders. *See Gay v. Blackman*, Civil No. 11-14-JPG (S.D. Ill. Mar. 8, 2011) (order of dismissal); *Gay v. Powers*, Civil No. 11-20-GPM (S.D. Ill. Feb. 5, 2011) (same). Significantly, for purposes of the instant motion for an order requiring Gay to post security for costs, both dismissals were for failure to obey orders of the Court directing Gay to pay in full the filing fees for the actions. Similarly, two actions brought by Gay in this Court have been dismissed on the grounds that Gay is ineligible to proceed IFP in federal court. *See Gay v. Wagoner*, Civil No. 10-128-JPG (S.D. Ill. July 13, 2010) (order dismissing action pursuant to Section 1915(g)); *Gay v. Williams*, Civil No. 09-1051-MJR (S.D. Ill. June 11, 2010) (same). Furthermore, at this time Gay is under not one but two separate orders to show cause why he should not be barred from filing any new papers in this Court until such time as Gay has paid $2,100 in filing fees that he owes the Court from previous lawsuits Gay has filed in this forum. *See Gay v. Blackman*, Civil No. 11-14-JPG (S.D. Ill. Mar. 10, 2011) (order to show cause); *Gay v. Powers*, Civil No. 11-20-GPM (S.D. Ill. Mar. 1, 2011) (same). Finally, Gay has pursued previous litigation against Chandra in this Court without success and has been taxed substantial costs for doing so, costs that Gay never has paid. *See Gay v. Chandra*, Civil No. 05-150-MJR (S.D. Ill. Oct. 30, 2009) (after a jury verdict in favor of Chandra, taxing costs against Gay in the amount of $2,169.45). What the Court gathers from Gay's abysmal history of litigation in this forum is that Gay is a habitual pro se litigant who routinely pursues harassing claims of no merit. Also, it appears that Gay has no concept of financial responsibility at all, given that he never has made any effort to pay the fees and costs he owes to the Court and to the targets of his frivolous lawsuits and instead has racked up new debts incessantly, to the point where Gay now is facing a curtailment of his access to this forum even more drastic than the "three-strikes" rule.

In response to the instant motion for security for costs, Gay's recently-appointed counsel argues that a judge of this Court specifically found that Gay's claims in this case against Chandra, Kachigian, and Clover are not frivolous and that Chandra, in response to requests for admissions served by Gay, admits that he increased Gay's medication 150%, supposedly in retaliation for a lawsuit Gay brought against Chandra. In point of fact, in allowing Gay to proceed on his claims against Chandra, Kachigian, and Clover, the Court made no finding that this action is not frivolous or malicious or that Gay has stated a claim upon which relief may be granted. Instead, the Court merely found that, "[g]iven the age of this action at the time it was removed to federal court, the interests of fairness suggest that these claims be allowed to proceed together in this action." Doc. 22 at 2. This is not a finding by the Court that this case is meritorious. Also, Chandra has not admitted any liability to Gay and instead specifically states in response to Gay's requests for admissions that the dose of medication he prescribed to Gay "is within therapeutic range." Doc. 26 at 3 ¶ 13. For the reasons discussed in detail in the preceding paragraph of this Order, the Court finds that it is proper to require Gay to post security for costs, as Gay is a notorious pro se filer of frivolous lawsuits from whom, unless Gay is required to post security, Chandra, Kachigian, and Clover doubtless will have great difficulty recovering their costs. The Court further finds that requiring Gay to post security for costs will not interfere with any policy underlying 42 U.S.C. § 1983. *See Pickett v. Hardy*, No. 09-1116, 2010 WL 4103712, at *3 (C.D. Ill. Oct. 18, 2010); *Graves v. City of Bolivar, Mo.*, 154 F. Supp. 625, 626 (W.D. Mo. 1957). Also, should Gay fail to post security for costs, the Court will summarily dismiss this action. Meaningful sanctions are available should a court order a party to post a bond for costs and the party fails to do so; thus, a court may properly dismiss a case before it for failure to comply with a court order if a party fails

to post a bond for costs as ordered by the court. *See Zebrowski v. Hanna*, 973 F.2d 1001, 1006 (1st Cir. 1992) ("Dismissal of a claim is not an unusual sanction for failure to carry out a lawful court order requiring a party to provide some sort of security, whether ordered under the court's inherent power or under procedural rules."); *HMG Prop. Investors, Inc. v. Parque Indus. Rio Canas, Inc.*, 847 F.2d 908, 917-18 (1st Cir. 1988) (the district court had inherent authority to require a mortgagor to post security and to dismiss the mortgagor's claim for failure to post security); *Atlanta Shipping Corp. v. Chemical Bank*, 818 F.2d 240, 252 (2d Cir. 1987) (a district court acted within its discretion in requiring a party to post a $10,000 bond for costs and in dismissing the action for failure to post the bond); 10 Wright, Miller & Kane, Federal Practice and Procedure § 2671 ("Plaintiff's failure to comply with an order directing the posting of a security bond can lead to a dismissal of the action.") (collecting cases).

To conclude, the motion of Chandra, Kachigian, and Clover for an order requiring Gay to post security for costs (Doc. 36) is **GRANTED**. It is **ORDERED** that Gay shall file with the Clerk of Court within thirty (30) days of the date of entry of this Order a bond for costs in the sum of $1,000, signed by a surety company authorized to do business in the State of Illinois. It is **further ORDERED** that the Court reserves the right to require additional security for costs upon application by Chandra, Kachigian, and Clover. Failure by Gay to post a bond as herein ordered will result in the dismissal of this action.

**IT IS SO ORDERED.**

DATED: March 11, 2011

/s/ G. Patrick Murphy  
G. PATRICK MURPHY  
United States District Judge