IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTHONY GAY, IDOC # B62251, )
)
       **Plaintiff,** )
)
vs. ) CIVIL NO. 10-336-GPM
)
REKESH CHANDRA, et al., )
)
       **Defendants.** )

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on a motion for reconsideration brought by Plaintiff Anthony Gay (Doc. 47). Gay, a prisoner in the custody of the Illinois Department of Corrections who currently is incarcerated in the closed maximum security prison at the Tamms Correctional Center, brings this action for alleged violations of his constitutional rights by Defendants Rakesh Chandra, Claudia Kachigian, and Katherine Clover. On March 11, 2011, the Court ordered Gay to post security for costs in the amount of $1,000. *See Gay v. Chandra*, Civil No. 10-336-GPM, 2011 WL 884127, at *5 (S.D. Ill. Mar. 11, 2011). Gay's appointed counsel subsequently requested leave to submit the bond in the form of cash or a firm check delivered to the Clerk of Court, a request that was granted; it is the Court's understanding that Gay was unable to procure a bond from a registered surety company because Gay does not have a Social Security number. Gay now requests reconsideration of the Court's March 11 order requiring him to post security for costs. In general, of course, a district court has inherent power to reconsider interlocutory orders at any time before entry of judgment as justice requires. *See Harrisonville Tel.*

*Co. v. Illinois Commerce Comm'n*, 472 F. Supp. 2d 1071, 1074 (S.D. Ill. 2006) (collecting cases). Such motions, the disposition of which is committed to a court's discretion, serve the limited function of calling the court's attention to newly discovered evidence or a manifest error of law or fact. *See Ruppert v. Principal Life Ins. Co.*, No. 06-CV-903-DRH, 2007 WL 2025233, at *2 (S.D. Ill. July 9, 2007). "[M]otions for reconsideration . . . generally are not encouraged." *Wilson v. Cahokia Sch. Dist. No. 187*, 470 F. Supp. 2d 897, 913 (S.D. Ill. 2007). This is because "the Court's prior rulings . . . are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure," and "ill-founded requests for reconsideration of issues previously decided . . . needlessly take . . . attention from current matters and visit inequity upon opponents who, prevailing in an earlier proceeding, must nevertheless defend their position again and again." *Id*. (brackets omitted).

The instant motion illustrates aptly the reasons that motions for reconsideration are not favored, inasmuch as the motion merely rehashes issues that were addressed by the Court at some length in its March 11 order. While it is true that no statute or rule confers on a federal court the power to require a party to post security for costs, it is well settled that a court has inherent power to require such security where there is reason to believe that an adverse party, upon prevailing, will have difficulty recovering its costs. *See Gay*, 2011 WL 884127, at *1 (citing *Anderson v. Steers, Sullivan, McNamar & Rogers*, 998 F.2d 495, 496 (7th Cir. 1993)). In the March 11 order the Court examined Gay's history of litigation in this forum generally, which has generated approximately $2,100 in unpaid filing fees owed by Gay to the Court. *See id*. at *3. Also, the Court examined Gay's history of litigation against Chandra in particular, which includes a failure by Gay to pay Chandra $2,169.45 in costs that were taxed against Gay in a previous lawsuit by Gay against

Chandra for alleged deprivations of Gay's constitutional rights. *See id*. In light of Gay's dismal track record with respect to paying the debts he incurs for his litigation activities, a record that Gay and his counsel do not dispute, the Court found that it was appropriate to require Gay to post modest security for costs. *See id*. at **3-4. Because Gay and his counsel seem to be under the misapprehension that the Court has determined that Gay's claims in this case are without merit, the Court wishes to make itself very clear. The Court has no opinion whatever about the merits of Gay's claims in this case and in fact knows virtually nothing about them at this early stage of these proceedings. The Court simply believes that, given Gay's proven history of financial irresponsibility in this forum, it is proper to require Gay to post security so that, in the event Gay does not prevail in this case, Chandra, Kachigian, and Clover will be able to recover their costs without difficulty and will not be put out of pocket by Gay in even a small amount. Gay and his counsel are admonished that the Court does not wish to revisit the subject of the security for costs the Court has ordered Gay to post again in the course of these proceedings. On that note of caution, Gay's motion for reconsideration (Doc. 47) is **DENIED**.

    **IT IS SO ORDERED.**

    DATED: May 6, 2011

    /s/ G. Patrick Murphy
    G. PATRICK MURPHY
    United States District Judge