IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY GAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 10-336-GPM-DGW |
| | ) |
| RAKESH CHANDRA, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on Plaintiff, Anthony Gay's motion to reconsider this Court's prior Order (Doc. 76). The Order Mr. Gay asks the Court to reconsider denied Mr. Gay leave to amend his complaint (Doc. 73). For the following reasons, Mr. Gay's motion to reconsider (Doc. 76) is **DENIED**.

A short recitation of the relevant facts is necessary. On November 26, 2012, Mr. Gay filed a motion seeking leave to file a first amended complaint, which in relevant part, sought to add a claim against Defendant Rekesh Chandra, M.D. ("Dr. Chandra") for medical battery (Docs. 68; *see also* Doc. 71). Defendants filed a response indicating their opposition to Mr. Gay's request to add this claim against Dr. Chandra (Doc. 71). Defendants argued that Mr. Gay's state law claim of medical battery was unsupported by a certificate of merit pursuant to 735 ILCS § 5/2-622 (Doc. 71).

The Court granted in part and denied in part Mr. Gay's motion for leave to amend, but most notably denied Mr. Gay's request to add the claim for medical battery against Dr. Chandra (Doc. 73). Mr. Gay now asks the Court to reconsider this Order pursuant to Federal Rule of Civil Procedure ("FRCP") 54(b) (Doc. 76).

The Court is familiar with FRCP 54 and Mr. Gay's reliance on FRCP 54 as a vehicle to reconsideration is inappropriate. Nevertheless, the Court will not allow the misplaced reliance on FRCP 54 to stand in the way of this Court's consideration of whether Mr. Gay is entitled to relief from the Court's prior Order. The Federal Rules of Civil Procedure do not specifically address motions to "reconsider." The Seventh Circuit Court of Appeals has held that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to FRCP 59(e) or Rule 60(b). *See, e.g. Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992).

Motions to reconsider are essentially "a request that the [court] reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004) (internal quotation omitted). Yet, "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the motion." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

FRCP 59(e) and 60(b) each provide for a specific type of motion, but both share the ultimate goal of erasing the finality of a judgment and allowing for further proceedings. "Rule 59(e) governs motions to 'alter or amend' a judgment; Rule 60(b) governs relief from a judgment or order for various listed reasons." *Helm v. Resolution Trust Corp.*, 43 F.3d 1163, 1166 (7th Cir.

1995). It is also important to note that "Rule 59(e) generally requires a lower threshold of proof than does 60(b) . . . ." *Id*.

Where a substantive motion for reconsideration is filed within twenty-eight days of entry of the order, the Court usually construes these as a motion filed under FRCP 59(e). *Busby*, 34 F.3d at 535. Here, Mr. Gay's motion was filed less than two weeks after this Court's Order denying the motion to amend (*see* Doc. 73 *compared with* Doc. 76). The Court will construe Mr. Gay's motion under FRCP 59.

The gravamen of Mr. Gay's purported medical battery claim is that Dr. Chandra intentionally increased the dosage of Mr. Gay's prescription for Sinequan (Doc. 76). Mr. Gay does not allege a deviation from the standard of care (Doc. 76). Rather he asserts that his claim is strictly one for medical battery and does not implicate Illinois' statute requiring a certificate of merit for healing art malpractice (*See* Doc. 76); *see also* 735 ILCS § 5/2-622.

Battery "is defined as the unauthorized touching of the person of another. To be liable for battery, the defendant must have done some affirmative act, intended to cause an unpermitted contact." *Mink v. University of Chicago*, 460 F. Supp. 713, 717-718 (N.D. Ill., 1978). "It is not necessary that the contact with the other's person be directly caused by some act of the actor." Restatement (Second) of Torts § 18, Comment c, Meaning of "contact with another's person." (1965). All that is required of a defendant is to "intend to cause the other, directly or indirectly, to come in contact with a foreign substance in a manner which the other will reasonably regard as offensive." *Id*.

"The act of administering [a] drug supplies the contact with the plaintiffs' persons." *Mink*, 460 F. Supp. at 718. Moreover, the act of administering a drug without the consent of

Plaintiff *would* amount to a claim for medical battery.  However, here, Mr. Gay claims that Dr. Chandra simply increased his dosage for Sinequan, without his informed consent (Doc. 76).  The critical fact, as alleged by Plaintiff, is the *increased dosage*.  This simply does not rise to a claim for medical battery.  Once a plaintiff consents to the prescription of a drug, the dosage then becomes a matter of medical judgment.  There is no harmful or offensive contact in this context.  Under the facts alleged by Mr. Gay, he still fails to articulate a claim for medical battery.  Plaintiff Anthony Gay's motion for reconsideration (Doc. 76) is **DENIED**.

**IT IS SO ORDERED.**

**DATED**:  March 12, 2013

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge